## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

ELVON MOSES,⁣ )
)
            Plaintiff, )
)
            v. )      Case No. 4:21-cv-00820-RK
)
CHURCH & DWIGHT CO., INC., FOCUS )
WORKFORCE MANAGEMENT, INC., )
SCOTTY PERKINS, )
)
            Defendants. )

## ORDER

This civil lawsuit was removed from state court to federal court on November 11, 2021. Plaintiff Elvon Moses asserts several causes of action against Defendants, including claims of age and gender discrimination under the Missouri Human Rights Act ("MHRA"), violation of the Missouri Service Letter Law, and other torts including slander and defamation. The Court takes up Plaintiff's motion to remand (Doc. 18), which is fully briefed (Docs. 19, 24, 33). As explained below, the Court finds Defendants do not sufficiently meet the high bar to establish Defendant Scotty Perkins was fraudulently joined. As a result, complete diversity did not exist at the time of removal. Therefore, this Court lacks subject matter jurisdiction. Plaintiff's motion to remand (Doc. 18) is **GRANTED**, and the case is remanded to state court.[1]

### I. Background

After he was terminated from employment with Defendant Church & Dwight Co., Inc., Plaintiff filed this action in state court asserting claims of age and disability discrimination under the Missouri Human Rights Act ("MHRA"), violation of Missouri's service letter law, tortious interference, and defamation. Plaintiff was terminated following a positive alcohol test that had been ordered by Defendant Scotty Perkins, a human resources manager at Defendant Church & Dwight, and administered by Defendant Focus Workforce Management, Inc. Plaintiff alleges,

---

[1] Just prior to the filing of Plaintiff's motion to remand, Defendants had filed two motions to dismiss. (Docs. 13, 16.) All three motions were concurrently briefed. Because the Court finds it lacks subject matter jurisdiction and must remand the case to state court, it does not take up Defendants' motions to dismiss.

however, at the time of the positive alcohol test, he was on several prescription medications and the positive test result was due to those medications.

Defendants removed the case to federal court on November 11, 2021. (Doc. 1.) Defendants argue this Court has subject matter jurisdiction under diversity of citizenship because Plaintiff fraudulently joined Defendant Perkins.[2] After the case was removed to federal court, Plaintiff filed an amended complaint on December 2, 2021, asserting the same claims as in the original petition before the state court. (Doc. 11.)

## II. Legal Standard

Defendants, who collectively invoke this Court's jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* at 620 (citation omitted). Fraudulent joinder – the filing of a "frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal" – acts as an exception to the complete diversity rule. *Id.* Stated differently, "a plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (citation omitted).

Whether a non-diverse party has been fraudulently joined such that the federal court may nonetheless obtain subject matter jurisdiction depends on "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (citation and quotation marks omitted). The Eighth Circuit has explained that the "reasonableness of the basis underlying the state claim" is critical to this inquiry. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). In *Filla*, the Eighth Circuit explained the critical difference between circumstances in

---

[2] With the exception of Defendant Perkins, allegedly a Missouri resident, Defendants assert complete diversity exists as among Plaintiff and Defendants Church & Dwight and Focus. (*See* Doc. 1 at 3.)

2

which courts should find a non-diverse defendant was fraudulently joined or not: first, "[w]here applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent" but "if there is a 'colorable' cause of action – that is, if the state law might impose liability on the resident defendant under the facts alleged [or, in other words, if there exists a reasonable basis in fact and law supporting the claim] – then there is no fraudulent joinder." *Id.* (citations and footnote omitted); *see also Hayes v. Rad Transport, Inc.*, No. 10-0787-CV-W-ODS, 2010 WL 3807052, at *2 (W.D. Mo. Sept. 23, 2010) (noting, "[t]he Court's task is to determine whether the claim clearly lacks any basis – that is, if it is barred as a matter of law or if it is based on facts that clearly provide no basis for liability").

"By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, [courts] require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980. In the fraudulent-joinder analysis, the Court does not focus on the artfulness of the plaintiff's pleadings. *Id.* at 980 (citation omitted). That is because the reasonable basis standard articulated in *Filla* is distinct from and less demanding than the Rule 12(b)(6) plausibility standard. *Id.*; *see also Hayes*, 2010 WL 3807052 at *2 ("Where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'") (quoting *Filla*, 336 F.3d at 810). Any doubts about the propriety of removal or federal jurisdiction must be resolved in favor of remand. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011).

Finally, although addressed by neither party, the Court finds it must view the fraudulent-joinder question through the lens of Plaintiff's initial complaint, the active complaint at the time of removal, and not Plaintiff's amended complaint that was filed subsequent to removal. *See Bohnenkamp v. Hog Slat, Inc.*, __ F. Supp. 3d __, 2021 WL 2941988, at *6 (N.D. Iowa July 13, 2021) (noting while the Eight Circuit has not squarely addressed this issue, "[t]he vast majority of district courts in this circuit . . . have held that the fraudulent joinder analysis should be based on whichever pleading was in effect at the time of removal, even if the complaint was subsequently amended") (collecting cases); *Tasic v. Wells Fargo Bank, N.A.*, No. 4:13CV00840 AGF, 2013 WL 3157791, at *3 (E.D. Mo. June 20, 2013); *see also Knudson*, 634 F.3d at 975 (recognizing, "diversity of citizenship must exist both when the state petition is filed and when the petition for

3

removal is filed") (collecting cases) (citation and quotation marks omitted); *Rick v. Hedrick*, 167 F. Supp. 491, 492 (W.D. Mo. 1958) (remanding case after individual defendant died subsequent to removal because the defendant was a party at the time of removal and thus "his presence destroyed diversity of citizenship"); *but see Legacy Bldg. Grp., LLC v. Liberty Mut. Fire Ins. Co.*, No. 4:21-cv-266-MTS, 2021 WL 4819570, at *2 (E.D. Mo. Oct. 15, 2021).

## III. Discussion

At issue here is Plaintiff's tort claim for defamation[3] he asserts against Defendant Perkins, the sole non-diverse defendant. If Plaintiff's defamation claim against Defendant Perkins is colorable, the complete-diversity requirement for purposes of federal subject matter jurisdiction was not satisfied at the time of removal and the case must be remanded to state court. On the other hand, if Plaintiff's defamation claim against Defendant Perkins is not colorable or if there is no reasonable basis in law or fact to support the claim, the fraudulent-joinder exception to complete diversity means Perkins' non-diverse citizenship does not itself preclude federal subject matter jurisdiction.

In the petition filed in state court, Plaintiff alleges in response to a "service letter request" to Defendant Church & Dwight under Missouri law following his termination, Defendant Perkins sent Plaintiff a letter "falsely accusing Plaintiff of working while under the influence of alcohol." (Doc. 1-1 at 4, ¶¶ 16-17.) Plaintiff further alleges Defendant Perkins "was the human resources manager at Defendant [Church & Dwight], at the time of Plaintiff's termination" and that it was Defendant Perkins who ordered Plaintiff submit to an alcohol test. (*Id.* at 3, ¶¶ 3, 10.) Plaintiff alleges Defendant Perkins "published statements" in the service letter and also made statements to "Plaintiff's employer" (that is, Defendant Church & Dwight) that "paint the Plaintiff in a bad light, suggesting that he is something of a shicker," and that Perkins knew or had reason to know Plaintiff was on medication. (*Id.* at 9, ¶ 53.) Finally, Plaintiff alleges Defendant Perkins "performed these actions outside and beyond the scope of his employment at Defendant Church [& Dwight]." (*Id.* at 10, ¶ 60.)

Under Missouri law, the tort of defamation requires a showing that a defendant published, with the requisite degree of fault, a false defamatory statement that identifies the plaintiff and that

---

[3] In the petition filed before the state court, Plaintiff asserts a claim against Defendant Perkins for "slander and defamation." (Doc. 1-1 at 9.) As Missouri courts have recognized, "[m]odern law combines libel and slander as the generic tort of defamation." *Boyd v. Schwan's Sales Enters., Inc.*, 23 S.W.3d 261, 264 n.3 (Mo. Ct. App. 2000) (citation omitted).

4

damaged the plaintiff's reputation. *See Johnson v. Midwest Div. – RBH, LLC*, No. 4:20-CV-00728-BCW, 2021 WL 5541783, at *3 (W.D. Mo. Jan. 11, 2021) (citing *Overcast v. Billings Mut. Co.*, 11 S.W.3d 62, 70 (Mo. banc 2000)). Missouri courts have recognized a defamation claim may lie in the context of a service letter issued by a previous employer pursuant to § 290.140, RSMo. *Herberholt v. DePaul Cmty. Health Ctr.*, 625 S.W.2d 617, 624-25 (Mo. banc 1981); *State ex rel. Pagliara v. Stussle*, 549 S.W.2d 900, 902 (Mo. Ct. App. 1977) ("Undeniably allegations in a service letter may give rise to a libel action[.]") (citing *Williams v. Kansas City Transit, Inc.*, 339 S.W.2d 792 (Mo. 1960)).

In opposing remand, Defendants argue Plaintiff does not have a colorable claim for defamation against Defendant Perkins because (1) Plaintiff's allegations that Defendant Perkins acted outside the scope of his employment is merely conclusory and is contrary to the service letter itself, and (2) Plaintiff's defamation claim is contrary to the law because it is barred by the Missouri Human Rights Act.

As to Defendants' first argument, the Court finds persuasive *Van Alst v. Missouri CVS Pharmacy, LLC*, No. 4:20-cv-00155-NKL, 2020 WL 2319882 (W.D. Mo. May 11, 2020), in which the court addressed a similar claim of fraudulent joinder to support removal of the action to federal court. In *Van Alst*, the district court had to determine whether the tort claim asserted against a non-diverse defendant (there, trespass to chattels) and the plaintiff's former employer was preempted by the MHRA which provides the "exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." *Id.* at *2 (quoting Mo. Rev. Stat. § 213.070.2). In *Van Alst*, the court concluded the plaintiff's tort claim was not barred as a matter of law under the MHRA: "on the face of the petition, the Court cannot say as a matter of law that the purported destruction of Van Alst's personal property arose from an employment relationship" and because "[t]he tort claim against [the non-diverse defendant] is not based on the facts underlying the MHRA claims." *Id.* The court found as "plausible" the petition's allegation that the non-diverse defendant's conduct "was 'outside and beyond the scope of her employment with CVS'" and "[t]he petition does not establish that [the non-diverse defendant]'s conduct was undertaken because of or in furtherance of either her or Van Alst's relationship with CVS." *Id.* As a result of this "factual issue" – i.e., whether the conduct supporting plaintiff's tort claim arose from an employment relationship – the court concluded that plaintiff presented a colorable claim against the non-diverse defendant, requiring remand. *Id.* at *3; *see also Filla*, 336 F.3d at 811 (suggesting removal courts

should not decide "the doubtful question" of a complaint's sufficiency against a non-diverse defendant but in such a circumstance should "simply . . . remand the case and leave the question for the state courts to decide") (citation and quotation marks omitted).

As suggested in *Van Alst*, in determining whether state common law tort claims are preempted by the MHRA (and thus barred as a matter of law), courts consider two characteristics of a plaintiff's complaint: (1) whether the tort claim "arise[s] from the same factual allegations underlying Plaintiff's MHRA claims," *Winfrey v. Ford Motor Co.*, No. 4:19-CV-00889-DGK, 2020 WL 1558117, at *2 (W.D. Mo. Apr. 1, 2020) (citing *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 27 (Mo. banc 2018)); and (2) whether the alleged tortious conduct occurred outside the scope of the employment relationship. *See Johnson*, 2021 WL 5541783, at *3. A similar fact question as in *Van Alst* exists here. In the operative complaint, Plaintiff alleges Defendant Perkins published false statements in the service letter that Plaintiff was working under the influence of alcohol when Defendant Perkins "knew or had reason to know that Plaintiff was on medication" and, importantly, that Defendant Perkins did so "outside and beyond the scope of his employment."

In opposing remand (and supporting its claim of fraudulent joinder), Defendants rely on *Johnson v. Midwest Division – RBH, LLC*, No. 4:20-CV-00728-BCW, 2021 WL 5541783 (W.D. Mo. Jan. 11, 2021), that itself distinguished *Van Alt*. In *Johnson*, however, the Court found the defamation claim asserted there necessarily arose from the plaintiff's employment relationship and thus plaintiff did not have a colorable defamation claim against the non-diverse defendant (by operation of the MHRA). Notably, the court relied on the plaintiff's pleading, specifically, that "in making these allegedly defamatory statements, [the non-diverse defendant] was working in the scope of her BRMC employment." *Id.* at *2-3. Thus, *Johnson* is distinguishable and provides no support to Defendants' argument here.

Moreover, Defendants appear to argue because Defendant Church & Dwight was required by state law to respond to Plaintiff's request for a service letter and doing so is within Defendant Perkins' responsibilities as a human resources manager, Plaintiff's defamation claim necessarily arises from his employment. At a minimum, however, as in *Van Alst*, there exists a fact question whether Defendant Perkins was acting within or outside the scope of his role in asserting the allegedly defamatory statements in the service letter. In other words, as in *Van Alst*, "the purported [defamatory statements] might have been propelled by motivations – like personal animus or intent

6

to [harm] – that might place the conduct outside of the employment relationship."  2020 WL 3219882, at *2.

And the cases on which Defendants rely to show that Plaintiff's defamation claim against Defendant Perkins has no basis in law because of the MHRA (including *Johnson*) are easily distinguishable.  *See Huskey v. PetSmart, Inc.*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019) (holding plaintiff's claim against the non-diverse defendant for civil conspiracy to violate her rights under the MHRA was in actuality a claim for "unlawful employment practices" under the MHRA and thus was preempted and not a colorable claim, requiring that plaintiff's motion to remand be denied); *Hoaglin v. HyVee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 1928536, at *1 (W.D. Mo. April 30, 2019) (denying leave to amend where plaintiff sought to allege tort claims "base[d] . . . on the same facts as those that form the basis of her claims [under the MHRA]").

Finally, in their suggestions opposing Plaintiff's motion to remand, Defendants "incorporate by reference" several arguments contained in Defendants Church & Dwight and Perkins' motion to dismiss (Doc. 14).  These arguments do not establish Plaintiff's claim against Defendant Perkins is not colorable, either, however.

For instance, in support of their motion to dismiss, Defendants argue Plaintiff's defamation claim regarding the service letter has no basis in law because "a service letter is a qualified privileged communication."  (*Id.* at 13 (quoting *Neighbors v. Kirksville College of Osteopathic Med.*, 694 S.W.2d 822, 824 (Mo. Ct. App. 1985)).  As *Neighbors* explains, though, the privilege may be overcome in the context of a libel claim where a plaintiff shows "the contents of the letter were false and that the falsity was actuated by express malice."  694 S.W.2d at 824.  Here, Plaintiff alleges Defendant Perkins knew Plaintiff was on medication and thus knew the statements he made in the service letter were false and that Defendant Perkins acted outside the scope of his employment as human resources manager.  Accordingly, the Court does not find Defendants have established Plaintiff's claim lacks a basis in law or in fact as regarding the qualified-privileged-communication doctrine to satisfy its burden to show Plaintiff's defamation claim is not colorable and lacks basis in the law (or in fact).

Second, as they argue in support of their motion to dismiss, Defendants point to the content of the service letter itself (attached to their motion to dismiss) and argue accordingly that Plaintiff's defamation claim fails as a matter of law.  Before proceeding further, the Court recognizes the

7

Defendants rely on *Block v. Toyota Motor Corp.*, 665 F.3d 944 (8th Cir. 2011), to support their argument the Court may consider the service letter itself although it is not part of the complaint. In *Block*, the Eighth recognized: "In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to 'determine if there is any factual support' for the claims against the allegedly fraudulently joined defendant." *Id.* at 948 (citing *Masepohl v. Am. Tobacco Co., Inc.*, 974 F. Supp. 1245, 1250 (D. Minn. 1997)); *see also Cubie v. Staples Contract & Commercial Inc.*, No. 12-1186-CV-W-HFS, 2013 WL 1385014, at *2 (W.D. Mo. April 1, 2013) (recognizing, "court[s] may take a limited look at evidence outside the pleadings . . . to determine if there is any factual support for the plaintiff's claim against nondiverse defendants) (citation omitted). Other courts in this district treat *Block* with caution, however, noting that neither the Eighth Circuit in *Block* nor the district court in *Masepohl* ultimately examined materials outside the pleadings in their fraudulent-joinder analysis. *Northwood Children's Home Soc'y, Inc. v. Travelers Cos., Inc.*, No. 18-3484 (PAM/LIB), 2019 WL 1110803, at *2 (D. Minn. Mar. 11, 2019) (citing *Block* and *Masepohl*). In this case, though, whether the Court may look to the service letter or is confined to Plaintiff's initial complaint, the result is the same.

As the discussion above makes clear, considering only Plaintiff's complaint, a fact issue remains. The same fact issue remains even were the Court to consider the service letter itself. As relevant, the service letter includes the following: "The reason for your separation was violation of the Statement Policy portion of Church & Dwight's Drug Free Workplace Policy. More specifically, Church & Dwight terminated your employment based on the results of a reasonable suspicion alcohol test you submitted to on [*sic*] 11/05/2019, which reflected you had a BAC of 0.05 while at work." (Doc. 14-1.) In his complaint, of course, Plaintiff asserts the letter written by Defendant Perkins "falsely accus[es] Plaintiff of working while under the influence of alcohol" and "Perkins knew or had reason to know that Plaintiff was on medication." Plaintiff's claim is the service letter is not truthful – i.e., that he did not violate Church & Dwight's Drug Free Workplace Policy because the test results were the result of his prescription medications, not because of alcohol.

Similarly, Defendants also argued in their notice of removal (and incorporate by reference here the argument supporting Defendants Church & Dwight and Perkins' motion to dismiss) that the intra-corporate immunity rule bars Plaintiff's defamation claim against Defendant Perkins as a matter of law. Under the "intra-corporate immunity rule," communications between officers or

between offices of the same corporation "prepared in the ordinary course of business and distributed within the corporate structure" are not considered "publications to third persons," a required element of the tort of defamation. *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 684 (Mo. Ct. App. 1992) (citations omitted). Thus, Defendants argue Plaintiff's allegation of defamation that Defendant Perkins "published statements . . . made to Plaintiff's employer" is barred by the intra-corporate immunity rule and is therefore not colorable and Defendant Perkins' joinder fraudulent for purposes of federal diversity jurisdiction. Nonetheless, because the Court finds there is a plausible factual question at least as to Plaintiff's claim of defamation regarding the service letter as explained above, the Court need not decide this issue for purposes of ruling on Plaintiff's motion to remand.

The Court is cognizant that care must be taken under these circumstances to resolve all doubts concerning federal jurisdiction in favor of remand to state court. *In re Prempro*, 591 F.3d at 620. Moreover, "the burden is on the defendant to prove by clear and convincing evidence that joinder was fraudulent, and the burden is a heavy one," *Cubie*, 2013 WL 1385014, at *2, whereas Plaintiff's complaint need only demonstrate state law might impose liability on Defendant Perkins. Under the circumstances here and when "resolv[ing] all facts and ambiguities . . . in [P]laintiff's favor," as the Court is required to do, *Filla*, 336 F.3d at 811, the Court finds whether or not the service letter is considered, Defendants have not established Plaintiff's defamation claim against Defendant Perkins has no reasonable basis in law or fact as distinct from the mere sufficiency of Plaintiff's complaint. Accordingly, the Court does not find Defendant Perkins was fraudulently joined and therefore, complete diversity did not exist at the time of removal. Consequently, the Court does not have subject matter jurisdiction and the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Plaintiff's motion to remand (Doc. 18) is therefore **GRANTED** and this case is remanded to state court.

IT IS SO ORDERED.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 16, 2022

9